IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:15MJ332 |
| | ) | |
| ROHIT JAWA, | ) | |
| | ) | Hon. Liam O'Grady |
| | ) | |
| | ) | Hearing Date:  July 24, 2015. |
| Defendant. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

The United States of America, by and through its attorneys, Dana J. Boente, United

States Attorney for the Eastern District of Virginia, and Whitney Dougherty Russell, Assistant

United States Attorney, respectfully submits the following response in opposition to ROHIT

JAWA's ("Defendant") Motion to Revoke Detention Order.

**I.      Defendant's Identity Theft Scheme**

As set forth in the affidavit in support of the criminal complaint, the defendant has been

engaged in a complex fraud scheme involving stolen identities and wire fraud since at least

January 2013.  Specifically, the affidavit details how the defendant stole the identity of a Special

Agent of the Postal Service Office of Inspector General ("USPS OIG") and then used that

identity to fraudulently gain access to an FBI LEO account and other law enforcement databases,

from which he stole personal identifying information of at least nine victims.  The defendant then

used the identifying information of those individuals to open fraudulent eBay, PayPal, and

financial accounts in their names, without their knowledge or consent.

## II.        Procedural History to Date

On June 16, 2015, the defendant was arrested in the Southern District of Ohio on a warrant issued by U.S. Magistrate Judge Nachmanoff.  Contemporaneously with the arrest, agents executed search warrants at the defendant's residence and workplace.  The defendant was presented before U.S. Magistrate Judge Karen L. Litkovitz for an initial appearance, where he was appointed counsel through the Office of the Federal Public Defender.

On June 17, 2015, the defendant, represented by counsel, appeared before Magistrate Judge Litkovitz and waived his identity hearing, waived his preliminary hearing, and elected to proceed with his detention hearing.  Special Agent Cole Ashcraft testified before Magistrate Judge Litkovitz in support of detention.  Testimony adduced at that hearing included a summary of the evidence seized during the search warrants.  Significant evidence of identity theft was found, including a digital version of a previous roommate's driver's license, evidence of financial accounts opened in that individual's name, credit cards and checkbooks in the name of various identity theft victims, including but not limited to the roommate, and a wallet that included various identification cards of yet another victim.  Testimony was elicited that the investigation has determined that the defendant has stolen the identities of at least five or six of his previous roommates, including the roommate who the defendant listed as a friend who could verify his information for Pretrial Services.

Magistrate Judge Litkovitz found that the defendant presented "a serious risk of flight," due to his foreign ties to India, history of international travel, and little or no ties to the Southern District of Ohio or the Eastern District of Virginia.  Magistrate Judge Litkovitz also noted that she was "struck by the nature of the alleged crime which causes [her] concern in terms of his ability to have access to fraudulent financial accounts, to obtain money, new identity, and have

the access and the means to flee."  (Tr. of June 17, 2015 Detention Hearing, at 19:17-20, attached

as Ex. A.)

      The defendant promptly sought reconsideration of the Order of Detention, based largely

on (1) the fact that his parents were willing to come to the United States and assume

responsibility for their son, (2) the defendant's possession of a U-visa, allegedly showing his past

cooperation with law enforcement, and (3) his inability to access the internet due to the seizure

of his computers by agents.  On June 30, 2015, Magistrate Judge Litkovitz entered a written

order denying his motion for reconsideration, finding that,

> The Court is not persuaded that these additional factors warrant reconsideration of
> the Court's detention order.  The new information concerning the defendant's U-
> visa is neutral at best.  The defendant was allegedly engaged in the scheme to
> defraud during the pendency of the visa proceeding, which negates the
> representation that he was of "good character" at that time.  In addition, if the
> defendant is convicted, the possible deportation consequences are simply
> unknown.  More importantly, the nature of the instant alleged offense, its alleged
> duration of some two years, and the defendant's technical expertise and computer
> science background demonstrate the defendant's capability to obtain a false
> identity and the financial means to flee.  The information proffered by the
> government indicates the defendant possesses at least 100 known email accounts
> and 18 PayPal accounts.  The defendant's ability to acquire and impersonate a
> federal law enforcement officer and obtain access to secure databases during the
> alleged scheme to defraud also demonstrates a heightened risk of flight.  The new
> information presented by the defendant does not outweigh the risk factors
> identified by the Court and does not persuade the Court that reconsideration of the
> order of detention is appropriate.

(June 30, 2015 Order, at 2, attached as Ex. B.)

      On July 14, 2015, the defendant had his initial appearance in the Eastern District of

Virginia before U.S. Magistrate Judge Nachmanoff.  He was appointed counsel and remanded

for further proceedings.  On July 15, 2015, Assistant Federal Public Defender Kevin Brehm

filed a Motion to Dismiss Complaint for Lack of Venue.  This motion was fully briefed, and on

July 21, 2015, a preliminary hearing and motions hearing on the venue motion was held before

Magistrate Judge John F. Anderson.  Special Agent Ashcraft again testified, adopted the affidavit in support of the criminal complaint and arrest warrant, and adduced additional evidence that when the defendant presented his fraudulent application for an FBI account using the stolen credentials of the USPS OIG agent, that application caused the FBI processing agent to reach out via email to the USPS OIG (located in the Eastern District of Virginia) to determine the whether the agent who purportedly submitted the application was, in fact, a Special Agent of the USPS OIG.  Special Agent Ashcraft testified that upon receiving that inquiry, a USPS OIG program analyst located in the Eastern District of Virginia responded and confirmed to the FBI that the agent whose identity was presented was, in fact, a Special Agent of the USPS OIG.  The government argued that because the defendant had caused an action to occur in the Eastern District of Virginia, venue was proper under the pass-through theory articulated in *United States v. Ebersole*, 411 F.3d 517 (4th Cir. 2005), which held that venue in a false claims case was proper in any district into which a victimized government agency had passed the subject claim after initial presentation to the agency.

Magistrate Judge Anderson concluded that there was probable cause to believe the defendant had violated 18 U.S.C. 1028(a)(7).  Further, Magistrate Judge Anderson determined that because the defendant caused an action to occur in the Eastern District of Virginia, venue was proper in this District.

The defendant now presents this motion to revoke the detention order entered in the Southern District of Ohio.

### IV.	The 3142 Factors Strongly Support Affirming the Order of Detention

Pursuant to Title 18, United States Code § 3142(g), this Court shall look to the following factors in determining whether there are conditions of release that will reasonably assure

Defendant's appearance at future court proceedings and the safety of any other person as well as the community:

### A.      Nature and Circumstances of the Offense

The defendant faces charges related to an extensive fraud scheme involving multiple victims and various government agencies.  These crimes were committed at his workplace and residences, against individuals that he knew, including at least one he defined to Pretrial Services as a friend.  The crimes were committed over a period of years, across multiple residences and multiple employers.  Certain of the defendant's crimes appear to be financially motivated, despite the fact that the defendant holds secure employment.  Others are truly brazen, such as stealing the identity of a Special Agent and then fraudulently presenting himself as a Special Agent in order to access law enforcement sensitive databases to further steal identities.  In the course of successfully executing his fraud scheme, the defendant assumed the identities of others, successfully shielded his own identity, and used sophisticated computer obfuscation techniques such as the Tor browser.  Law enforcement has located some, but almost certainly not all, of the fraudulent financial accounts controlled by the defendant.

The nature and circumstances of the offense indicate that the defendant has access to stolen identities and false identification documents.  They also indicate that the defendant has access to multiple financial accounts that would support his ability to flee.   All of these aspects of the nature and circumstances of the offense lend credence to the fact that Defendant is a risk of flight and adept at disappearing.

### B.      Weight of the Evidence Against the Person

The weight of the evidence against the defendant, which in turn makes it more likely that one would assume the risk of fleeing, is significant.  In addition to the evidence set forth in the

affidavit, federal agents obtained evidence supporting identity theft through the execution of federal search warrants at the defendant's residence and workplace.   As Special Agent Ashcraft testified at the defendant's detention hearing, the searches revealed significant evidence of identity theft in the defendant's possession, including digital and physical identity documents and evidence of financial accounts of at least six victims.   Beyond the physical evidence discovered during the searches, the investigation has identified multiple financial accounts under the control of the defendant, many of which contain exclusively fraudulent proceeds and some of which appear to contain co-mingled funds.   Much of the evidence against the defendant is concrete and is not subject to innocent interpretation.   Therefore, given the weight and variety of the evidence against the defendant, he is much more likely to flee to India or elsewhere as the likelihood of conviction at trial is high.

### C.       The History and Characteristics of the Person

Defendant is a deceitful individual that has a history of defrauding others.   In addition to executing the eBay and PayPal schemes, the theft of the USPS OIG Special Agent's identity, and the theft of at least nine individuals' identities that he stole and used to open fraudulent financial accounts, he also obtained a U-visa under questionable circumstances.   Additionally, the visa application requires a certification that the defendant had "never committed a crime or offense for which he had not been arrested", which, at the time of certification, was a false statement, further indicating the defendant's lack of truthfulness.   Finally, in connection with the fraud scheme, the government proffers that the defendant has filed at least four false police reports.

The defendant's mental history is subject to interpretation.   In connection with his U-visa application, the defendant stated that he suffers from PTSD and reported experiencing "extreme distress when having to be in or travel to a new place alone."   Although the defendant did not

disclose this to Pretrial Services when interviewed, this "extreme distress" would be likely to be triggered by being arrested and transported to a District where the defendant lacks family and social ties.  This factor, therefore, indicates a risk of flight.

The defendant also misrepresented his financial situation to Pretrial Services.  Although he stated that he had access to only $4,000 in a personal checking account, the investigation to date has identified approximately $60,000 in various accounts in the defendant's own name.  This does not include funds in accounts controlled by the defendant that are held in victim names.  This access to financial resources further indicates a risk flight.

The defendant's residential and employment history also indicates a risk of flight.  The defendant has no established long term residence in the United States, and has moved approximately every six months.  His employment record is similarly serial, although the defendant is a highly skilled computer programmer who can program in several languages.  The defendant can work remotely, needing only a connection to the internet to market his valuable skill set.  These factors indicate that it would be simple for the defendant to flee and quickly reestablish meaningful employment from anywhere in the world.

### D.       Danger to the Community

Although the various schemes carried out the by the defendant did not involve violence, the danger to the community posed by the defendant is real.  Identity theft is a significant crime that can destroy credit and wreak very real havoc in the lives of the victims.  The investigation has identified many but certainly not all of the defendant's online accounts, including several cloud-based data storage accounts that contain numerous documents related to the scheme, including scans of victim identity documents and photographs and descriptions used in

fraudulent eBay listings.  Were the defendant to be released on bond, he would need only to access the internet to continue causing harm to his victims.

Finally, although the defendant states that his father is willing to provide a furnished apartment in Alexandria, Virginia, for the use of the defendant while he awaits trial on home confinement, the investigation to date has revealed that the defendant's parents are potentially involved with the defendant's scheme, at the very least as recipients of funds transfers from accounts in the names of the defendant's victims.   The defendant has not been able to identify anyone as a third party custodian, and indeed, the only person that he was able to identify to verify the information that he provided to Pretrial Services was a victim of the defendant.  The defendant's ongoing danger to the community would not be mitigated by home confinement, as the defendant's dangerousness is not the result of violence, but rather the defendant's access to the internet and further victims.  Therefore, the defendant's proposal is insufficient to overcome the danger that he poses.

## V.      Conclusion

Given the 3142 factors, the specific aspects of this case, and the defendant's actions with law enforcement, the United States maintains that this Court should not overturn Magistrate Judge Litkovitz's Order of Detention.   For the foregoing reasons, the United States respectfully requests that the Court affirm the Magistrate Judge's order detaining Defendant.

Respectfully Submitted,

Dana J. Boente
United States Attorney


By:	_____/s/_____
Whitney Dougherty Russell
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2015, I filed the foregoing using the CM/ECF

system, which will automatically provide a filed copy of this pleading to:


Kevin Brehm, Esq.




By:   ____/s/_____
        Whitney Dougherty Russell
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Tel: (703) 299-3700
        Fax: (703) 299-3982