IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-MJ-332 |
| | ) | |
| ROHIT JAWA, | ) | Hearing date: July 24, 2015 |
| | ) | |
| Defendant | ) | |
| | ) | |

### REPLY TO OPPOSITION TO MOTION TO REVOKE DETENTION ORDER

Pursuant to 18 U.S.C. §3145(b), this Court has the authority to revoke a detention order issued by a magistrate judge upon motion by the defense. The district judge's review of a magistrate judge's detention order is *de novo*. *See United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989). The district court must make its own *de novo* determination of the facts with no deference to the findings of the magistrate judge. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Walters*, 89 F.Supp.2d 1217, 1219-20 (D. Kan. 2000). In addition, the district court ultimately must decide the propriety of detention with no deference to the legal conclusion of the magistrate judge. *Id*.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, the Bail Reform Act of 1984 provides that a defendant must be released on bond unless the judicial officer determines that there are no conditions of release that will <u>reasonably assure</u> (as opposed to "guarantee") the appearance of the person as required or the safety of any other person or the

community. 18 U.S.C. § 3142(b), (c) and (e); *accord United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996). In only a limited class of enumerated offenses does the presumption shift from release to detention. *See* 18 U.S.C. § 3142(e). This is not one of those limited cases.

Indeed, "evidence of the commission of a serious crime and the fact of a potentially long sentence" alone is insufficient "to support a finding of risk of flight." *United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988). To support a finding that the defendant should be detained, the government must show: (1) by clear and convincing evidence that no condition or combination of conditions will "reasonably assure the safety of the community, 18 U.S.C. § 3142(f); or (2) that no condition or combination of conditions will "reasonably assure" the appearance of the defendant as required. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985) (panel opinion by Kennedy, J.).

Under circumstances in which the Court finds a personal recognizance bond is insufficient, the officer must choose "the least restrictive further condition, or combination of conditions," that the judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(c)(1)(B); *see also United States v. Infelise*, 934 F.2d 103, 105 (7th Cir. 1991) (holding that under 18 U.S.C. § 3142(e) defendants on racketeering charges were entitled to further consideration of electronic ankle bracelets, rather than continued detention, as a lesser restrictive condition) (panel op. by Posner, J.). Moreover, conditions set upon release are intended to be preventative and not punitive in nature. *United States v. Salerno*, 481 U.S. 739, 747 (1987) (evaluating the legislative history of 18 U.S.C. § 3142). Finally, the Bail Reform Act does not modify or limit the presumption of innocence. *See* 18 U.S.C. § 3142(j).

This Court is capable of fashioning strict release conditions in this case which "reasonably assure" both the safety of the community and the appearance of Mr. Jawa in court. Such conditions include intensive pretrial supervision, computer monitoring or a ban on use and possession of computers and related electronic devices, regular screening or supervision of Mr. Jawa's financial accounts, an order to open no new lines of credit, house arrest, and GPS or electronic monitoring. Attached hereto is the description of the various forms of electronic monitoring usually available, including "GPS active monitoring."

The government has emphasized the weight of the evidence against Mr. Jawa, which defense counsel is not able to counter at this early stage of the case. However, the weight of the evidence "is the *least* important of the various factors" to be considered by the Court in determining whether conditions exist which will reasonably ensure the appearance of the defendant. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) (panel opinion by Kennedy, J.)(emphasis added). The weight of the evidence is the least important factor because Mr. Jawa is presumed to be innocent, *see* 18 U.S.C. § 3142(j).

## CONCLUSION

The government has failed to show by sufficient evidence that absolutely no conditions exist that can reasonably assure Mr. Jawa's presence and the safety of the community. As a result, Mr. Jawa respectfully requests that this Court revoke the detention order entered by the magistrate judge and set appropriate and strict conditions for his release.

Respectfully submitted,

ROHIT JAWA

By Counsel,

Geremy Kamens,
Acting Federal Public Defender


By: _____/s/_____
Kevin Brehm
Assistant Federal Public Defender
VA Bar number 82895
Attorney for Rohit Jawa
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0825
703-600-0880 (fax)
kevin_brehm@fd.org

CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of July, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Whitney Russell, Esq.
Assistant U.S. Attorney
2100 Jamieson Ave.
Alexandria, Virginia, 22314
(703) 299-3700
(703) 299-3982 (facsimile)
whitney.russell@usdoj.gov

                /s/
Kevin Brehm
Assistant Federal Public Defender
VA Bar number 82895
 Attorney for Rohit Jawa
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0825
703-600-0880 (fax)
 kevin_brehm@fd.org